# COURT OF APPEALS OF VIRGINIA

---

**Record No. 0352-25-2**

---

THEODORE L. HUGHES, JR.

v.

COMMONWEALTH OF VIRGINIA

---

Present: Chief Judge Decker, Judges Beales and Athey

Opinion Issued July 14, 2026[*]

---

**FROM THE CIRCUIT COURT OF SUSSEX COUNTY**
Wallace W. Brittle, Jr., Judge

(Mary K. Martin, on brief), for appellant.

(Jason S. Miyares,[1] Attorney General; Timothy J. Huffstutter, Assistant Attorney General, on brief), for appellee.

---

**MEMORANDUM OPINION**
**PER CURIAM**

Theodore L. Hughes Jr. pleaded guilty to attempted second-degree murder, maliciously discharging a firearm within an occupied building, felony reckless handling of a firearm resulting in serious bodily injury, use of a firearm in the commission of a felony, and unlawful shooting in the commission of a felony. The parties entered a plea agreement that capped Hughes's active sentence of incarceration at 8 years. The trial court then sentenced Hughes to a total sentence of 33 years of incarceration, with 25 years suspended, for a total active sentence of incarceration of 8 years. Hughes appeals, challenging the imposition of his sentence on the grounds that the trial court

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

erroneously admitted at the sentencing hearing two sentences from a victim impact statement that should have been excluded.[2]

## BACKGROUND

On July 29, 2024, Hughes entered into a plea agreement in which he agreed to plead guilty to attempted second degree murder, maliciously discharging a firearm within an occupied building, felony reckless handling of a firearm resulting in serious bodily injury, use of a firearm in the commission of a felony, and unlawful shooting in the commission of a felony. Code §§ 18.2-32, -279, -56.1, -53.1, -53. He did not agree to plead guilty to the charged offense of aggravated malicious wounding or to a second charge of the use of a firearm in the commission of a felony. The Commonwealth agreed to nolle prosse both the aggravated malicious wounding charge and the second use of a firearm in the commission of a felony charge.

In the plea agreement, Hughes stipulated:

> On November 27, 2022, Sgt. S. Darden of the Sussex Sheriff's office received a call from Dispatch regarding a shooting which happened . . . in Sussex County. The victim, [R.F.],[3] was now in Prince George County. [R.F.] had been shot in the abdomen by the defendant at their residence in Sussex and had been driven to Prince George County. [R.F.] was airlifted to VCU Medical Center in Richmond and underwent emergency surgery because the gunshot wound penetrated major organs and caused her lung to collapse.

As part of the plea agreement, the parties agreed that the trial court would determine Hughes's sentence after the preparation of a presentence report and that his active sentence of incarceration would be capped at eight years.

---

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the dispositive issue or issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

[3] We refer to the victim using only initials in an attempt to better protect her privacy.

At the plea hearing, the trial court found that Hughes entered into the plea agreement freely and voluntarily. The trial court then accepted the plea agreement and convicted Hughes accordingly.

The Commonwealth filed a victim impact statement written by Brenda Hayes, the victim's sister. Hughes moved to exclude this statement for failure to comply with Code § 19.2-299.1. At the sentencing hearing, the trial court heard oral argument on Hughes's motion. The trial court then reviewed the victim impact statement sentence-by-sentence. The trial court determined which portions of the statement would be admitted for consideration in sentencing and excluded sentences in the victim impact statement that the trial court found did not involve the impact of the crime on the victim. One of the admitted sentences stated, "[R.F's] children ha[ve] been traumatized and couldn't sleep properly due to how abusive Theodore [Hughes] is." After admitting this sentence, the trial court judge said, "Obviously, a mother's love for her children is one of the impacts." Another one of the admitted sentences stated, "Theodore [Hughes], also has threatened to take [R.F.'s] life plenty of times before but this time he actually put forth action." The trial court explained, "I believe that, that sufficiently talks about the night in question."

Next, the trial court heard oral argument as to what sentence to impose. The Commonwealth argued that the trial court should consider the nature of the offense and the injuries to the victim. Hughes's counsel argued that Hughes had taken responsibility for his actions, that alcohol was the cause of the altercation that led to the shooting, and that Hughes did not have any additional "crimes of violence at all showing up for arrests" on his record. Hughes's counsel asked the court "to consider a sentence in line with four years rather than with eight" years of incarceration. In allocution, Hughes apologized to the trial court and the victim and added that "drugs and alcohol were the major factor that led to this incident."

The trial court observed that Hughes had claimed in the presentence report that he was not under the influence of drugs or alcohol at the time of the incident. The trial court also confirmed its understanding that Hughes had claimed that R.F. was coerced into pressing charges against him despite the severity of the crimes. The trial court then imposed a sentence of 33 years in prison, with 25 years suspended, resulting in the earlier agreed-upon active sentence of 8 years. In reaching its decision, the trial court did not reference the victim impact statement or indicate that it was basing its sentencing decision on the evidence from that statement. Hughes now appeals to this Court.

ANALYSIS

On appeal, Hughes argues, "The trial court erred in admitting portions of a victim-impact statement submitted by the sister of the victim in violation of Virginia Code § 19.2-299.1 and supporting case law." Hughes specifically challenges the trial court's decision to admit two sentences in the victim impact statement. The first sentence reads: "[R.F.'s] children ha[ve] been traumatized and couldn't sleep properly due to how abusive Theodore is." The second sentence reads: "Theodore, also has threatened to take [R.F.'s] life plenty of times before but this time he actually put forth action."

Assignments of error that require statutory interpretation are subject to de novo review. *Ragland v. Commonwealth*, 67 Va. App. 519, 530 (2017). However,"[d]ecisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019) (quoting *Michels v. Commonwealth*, 47 Va. App. 461, 465 (2006)); *see Meekins v. Commonwealth*, 72 Va. App. 61, 68 (2020) ("We review a court's decision to admit evidence at sentencing for an abuse of discretion."). "In reviewing an exercise of discretion, we do not

substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." *Beck v. Commonwealth*, 253 Va. 373, 385 (1997).

In addition, "The scope of testimony in the sentencing phase is wide, and the standard for exclusion of relevant evidence is whether the prejudicial effect substantially outweighs its probative value. This is a matter of discretion for the circuit court and is properly reviewed under an abuse of discretion standard." *Prieto v. Commonwealth*, 283 Va. 149, 168 (2012) (citing *Teleguz v. Commonwealth*, 273 Va. 458, 482 (2007)). "Under longstanding practice, 'both before and since the American colonies became a nation . . . a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law.'" *Harvey v. Commonwealth*, 65 Va. App. 280, 283-84 (2015) (quoting *McClain v. Commonwealth*, 189 Va. 847, 859-60 (1949)).

The General Assembly enacted the Crime Victim and Witness Rights Act, Code §§ 19.2-11.01 to 11.4, "to ensure that the full impact of crime is brought to the attention of the courts of the Commonwealth." Code § 19.2-11.01(A). "Under the Act, a victim must be given the opportunity" to create a victim impact statement. *Baldwin v. Commonwealth*, 69 Va. App. 75, 82 (2018) (citing Code § 19.2-11.01). Code § 19.2-299.1 states that victim impact statements that are prepared by someone other than the victim shall:

> (i) identify the victim, (ii) itemize any economic loss suffered by the victim as a result of the offense, (iii) identify the nature and extent of any physical or psychological injury suffered by the victim as a result of the offense, (iv) detail any change in the victim's personal welfare, lifestyle or familial relationships as a result of the offense, (v) identify any request for psychological or medical services initiated by the victim or the victim's family as a result of the offense, and (vi) provide such other information as the court may require related to the impact of the offense upon the victim.

Although this statute limits the discretion of trial courts to *exclude* certain evidence, there is "[n]othing in the plain text of the statute [that] limits what a victim may include in his or her own victim impact statement." *Baldwin*, 69 Va. App. at 82 n.3, 87 (recognizing that to the extent the witness's testimony "did not fall squarely under the Code provisions permitting victim impact testimony, the statements were still admissible if they were relevant information for sentencing"); *see also Laney v. Commonwealth*, 76 Va. App. 155, 162-63 (2022) (recognizing that trial courts retain the discretion to evaluate the circumstances of a particular case and determine what evidence is necessary and relevant in order to determine the proper sentence); *Harvey*, 65 Va. App. at 287 (recognizing that trial courts continue to be "vested with broad discretion in admitting evidence, and can be expected to exercise that discretion to exclude evidence that does not aid the court in the sentencing phase" (citation omitted)). Indeed, this Court has stated that trial courts have "the discretion to determine which parts of the victim's impact statement are relevant and therefore admissible." *Baldwin*, 69 Va. App. at 82 n.3 (citing *Harvey*, 65 Va. App. at 286).

Hughes challenges the trial court's decision to admit two sentences from Brenda Hayes's victim impact statement because, according to him, they were outside of the scope of Code § 19.2-299.1.[4]

As required by Code § 19.2-299.1, Hayes's statement identified the victim, explained some of the medical and psychological consequences the victim had suffered, and explained the

---

[4] The Commonwealth suggests that Hughes waived his appeal. The guilty plea that Hughes signed clearly states that he "waive[d] any right of appeal to the Court of Appeals of Virginia and the Virginia Supreme Court or any other appellate court." "Virginia has long held that a criminal defendant can waive 'his appeal of right' if the circumstances demonstrate 'his decision to waive his appeal was made knowingly, voluntarily, and intelligently.'" *Jones v. Commonwealth*, 293 Va. 29, 44 (2017) (quoting *Davidson v. Commonwealth*, 244 Va. 129, 131 (1992)). Nevertheless, we will assume without deciding for purposes of our analysis here that Hughes properly preserved his right to appeal. *See Abdo v. Commonwealth*, 64 Va. App. 468, 473 n.1 (2015).

psychological damage to the victim's children and to her as their mother. The first sentence challenged by Hughes explains that R.F.'s children had "been traumatized and couldn't sleep properly due to how abusive Theodore [Hughes] is." The trial court found that this sentence was admissible because it explained some of the harm suffered by R.F. in her role as the mother of her traumatized children. As noted *supra*, the second challenged sentence explained that Hughes had "threatened to take [R.F.'s] life plenty of times before but this time he actually put forth action." As the trial court explained, the second challenged sentence "talks about the night in question," and it also addresses the severity and seriousness of R.F.'s injuries at the hands of Hughes. Because trial courts "are vested with broad discretion in admitting evidence, and can be expected to exercise that discretion to exclude evidence that does not aid the court in the sentencing phase," we simply cannot say that the trial court abused its discretion when it ruled that the two challenged sentences were admissible—especially since those sentences appear to meet the requirements of Code § 19.2-299.1. *Baldwin*, 69 Va. App. at 82 (quoting *Harvey*, 65 Va. App. at 287).

Even if Hughes were correct that the two challenged sentences were outside of the scope of Code § 19.2-299.1, a trial court may still properly consider relevant evidence in making a sentencing decision. *Id.* at 86. Here, the trial court carefully parsed the victim impact statement and excluded from consideration those portions of the statement that the trial court determined were irrelevant. Although reasonable minds may disagree as to the significance of some of the language from the statement, this Court cannot substitute its judgment for that of the trial court when, as in this case, the appealing party has failed to show that the prejudicial effect of the admitted sentences outweighs the probative value of those sentences. *See Harvey*, 65 Va. App. at 287 (holding that "we perceive no abuse of discretion in the trial court's weighing of the probative value of the evidence against its prejudicial effect"); *Beck*, 253 Va. at 386 (concluding

that "to whatever extent that the trial court chose to consider the [victim impact] evidence it received, we cannot say that doing so constituted an abuse of its discretion"); *see also Puckett v. Commonwealth*, No. 1002-21-3, slip op. at 12-13, 2022 Va. App. LEXIS 356, at *17-18 (Aug. 9, 2022) (recognizing that nothing in the record suggests that the admission of the victim impact evidence constituted an abuse of discretion), *rev'd on other grounds*, 302 Va. 455 (2023).[5]

CONCLUSION

Accordingly, we do not disturb the trial court's judgment.

*Affirmed.*

---

[5] Moreover, here, it is undisputed that Hughes committed egregious crimes and inflicted severe injuries on R.F. Therefore, even if the trial court erred by admitting the challenged sentences in the victim impact statement, there is no reason to believe that the two disputed sentences had any bearing on the trial court's decision, given the nature of Hughes's crimes, the harm suffered by the victim, and the trial court's statements at the sentencing hearing. Thus, any error with respect to admission of the victim impact statement was harmless. *See Meekins*, 72 Va. App. at 73 ("The court extensively articulated the basis for the sentence it imposed; in doing so, it did not allude either directly or indirectly to ownership of the gun. . . . Accordingly, any error in failing to admit the hearsay testimony [on this point] was harmless."); *see also Dalton v. Commonwealth*, 64 Va. App. 512, 520 (2015) (holding that the admission of text messages constituted harmless error because they were "cumulative of otherwise overwhelming evidence admitted at trial").